IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES HAROLD SMITH                                                                    PLAINTIFF

VERSUS                                                  CIVIL ACTION NO.  2:12-cv-10-KS-MTP

RANDELL SMITH and UNKNOWN HILL                                              DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, an inmate of the Forrest County Jail, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On January 23, 2012, two Orders [4, 5] were entered in this case. One Order directed Plaintiff to pay the required $350.00 filing fee or file a completed *in forma pauperis* application, within thirty days. The other Order directed Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. Plaintiff was warned that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice. On February 27, 2012, the envelope [7] containing the January 23, 2012 Orders was returned by the postal service with a notation "Return to Sender - Unable to Forward." Plaintiff failed to comply with both of these Orders.

Since Plaintiff is proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders prior to the summary dismissal of this case. On March 20, 2012, an Order [8] was entered directing Plaintiff to show cause, on or before April 4, 2012, why this case should not be dismissed for his failure to comply with the Court's Orders of January 23,

2012.  In addition, Plaintiff was directed to comply with the previous Orders by filing the required documentation, on or before April 4, 2012.  The Show Cause Order [8] warned Plaintiff that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice.  Plaintiff failed to comply with the Show Cause Order.

Plaintiff has failed to comply with three Court orders and he has not contacted this Court since January 20, 2012.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  *See Rice v. Doe*, 306 F. App'x 144 (5th Cir. 2009).  Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice.

*See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

This the 26th day of April, 2012.

                                        s/Keith Starrett
                                        UNITED STATES DISTRICT JUDGE